Submitted on briefs October 23, affirmed November 24, 1925.

# J. W. GRUSSI v. EIGHTH CHURCH OF CHRIST, SCIENTIST.

(241 Pac. 66.)

**Covenants—Grantee in Deed Containing Restrictions may Compel Other Owners Subject to Similar Restrictions to Respect Them.**

1. Grantee in deed containing building restrictions has right to compel all other owners, whose deed contains similar restrictions, to respect them.

**Injunction—Purchaser Obtaining Waiver from Corporation, Reserving Right to Waive, After It had Conveyed Lots to Another, cannot be Enjoined from Violating Building Restrictions.**

2. Purchaser on a lot obtaining a waiver of building restrictions from corporation former owner, which had reserved right to waive restriction, after corporation on dissolution had conveyed property to another, cannot be enjoined from violating building restrictions, where conveyance by corporation was for purpose of settling its affairs, for which purpose it continued to exist for five years under Sections 6875 and 6877, Or. L., and it did not appear that corporation, by conveying remaining lots, had transferred its right to waive restrictions.

**Evidence—Acts of Corporation, After Determination to Dissolve, Presumed for Purpose of Settling Affairs.**

3. Acts of a corporation, after it has determined to dissolve, are presumed to be performed for purpose of settling its affairs.

**Injunction—To Enjoin Violation of Building Restrictions Waived by Owner After Parting With Interest, Transfer of Right to Waive must be Alleged and Proved.**

4. Grantee to enjoin violation of building restriction by another grantee, on ground that original owner with right to waive restric-

---

1. Right of grantee to enforce restrictive covenants in prior conveyances by his grantor of other parcels, see notes in 14 **Ann. Cas.** 1021; Ann. Cas. 1913E, 822; 37 **L. R. A. (N. S.)** 624. See, also, 7 **R. C. L.** 1115.

tions had granted waiver after parting with interest in property, must allege and prove that original owner had also transferred right to waive restrictions.

**Covenants—Rule That Restrictive Covenants are to be Strictly Construed Against Party Seeking Their Enforcement Applied by Court of Equity in Its Discretion.**

5. Rule that restrictive covenants are to be strictly construed against person seeking to enforce them, and doubts resolved in favor of free use of property applied by court of equity in exercise of sound discretion.

**Covenants—Grantee of Lot With Building Restrictions Held to have no Cause for Complaint by Former Owners Waiving Restrictions After Transfer of Interest in Property.**

6. Grantee of lot with building restrictions cannot complain of waiver of building restrictions by corporation, former owner, reserving right to waive, after transferring interest in remaining lots to another corporation, where one or both corporations had right to waive.

**Covenants—Fact That Waiver of Restrictions was in Instrument Separate from Deed Held Immaterial.**

7. Where corporation reserving right to waive building restrictions in deeds conveyed its interest to another company, who conveyed to defendant, fact that waiver of restriction by original owner was given in an instrument separate from deed conveying premises to defendant, is immaterial in determining effect of waiver.

Corporations, 14a C. J., p. 1168, n. 18, p. 1169, n. 19, 32, 35 New. Deeds, 18 C. J., p. 387, n. 19, 20, p. 389, n. 32 New, p. 394, n. 13 New, 16, p. 395, n. 27 New, p. 399, n. 69, 70.

From Multnomah: ROBERT G. MORROW, Judge.

In Banc.

This is an appeal from the decree of the Circuit Court of Multnomah County dismissing plaintiff's suit without costs. The plaintiff sued to enjoin the defendant, who is respondent, from erecting a church building on lots 1, 2, 3 and 21 in block 34, Laurelhurst Addition to the City of Portland. The Ladd Investment Company, being the owner of the land now constituting Laurelhurst, platted the same in 1908 and offered the lots for sale as a high-class residential district. The deeds conveying lots in said Laurel-

hurst contain certain restrictions as to the purpose for which the lots were to be used by its grantees, and certain building restrictions in regard to cost and with reference to the streets. The restrictive part of the deed employed by Ladd Investment Company and its successors in interest, The Laurelhurst Company, is set out in full in *Scott Co.* v. *Roman Catholic Archbishop,* 83 Or. 97 (163 Pac. 88). The case was tried upon stipulation of the facts. The facts stipulated necessary to understand the questions presented by this appeal are as follows:

"That the plaintiff J. W. Grussi is the owner in fee simple of Lot 25, in Block 32, of the said addition and that his title to said Lot is derived from a deed of conveyance of said lot by Laurelhurst Company containing said restrictions; and that all deeds of conveyance in his claim of title contained the same restrictions, including the deed to himself."

. "That the defendant Eighth Church of Christ, Scientist, has purchased and is the owner of Lots 1, 2, 3 and 21, in Block 34, of said addition, and that at the time said defendant purchased said lots it had actual notice of the said building and other restrictions contained in the said deeds all of which had been previously duly recorded and that the said deeds of conveyances of said land to said defendant contained the same building restrictions, and that defendant accepted said deed with full knowledge as to the limitations upon its right to construct a church building upon the said lots."

"That the said corporation Laurelhurst Company was duly dissolved on the 30th day of June, 1924."

"That in all deeds issued by the Laurelhurst Company to purchasers of lots or tracts in said Laurelhurst, the following provision was embodied:

" 'Nor shall said premises, or any building thereon, be used or occupied otherwise than strictly for residential purposes (or for church or school purposes

and then only with the prior consent of the party of the first part, or its successors or assigns).' ''

"That the plaintiff knew all of the terms and conditions of the deeds executed and delivered by the Laurelhurst Company to purchasers at the time he purchased his lot in said addition."

It is further stipulated that the defendant received its title from other parties than the Laurelhurst Company, and that at the time the Laurelhurst Company dissolved it transferred all of the lots then owned by it in said addition to Laurelhurst Construction Company as a part of the plan or scheme of the said Laurelhurst Company to aid in the settlement of the affairs of said corporation. At that time there remained unsold only seven lots out of a total of 670. The restrictions in the deeds were for a period of twenty-five years, from January 1, 1909, or until January 1, 1934.                                    AFFIRMED.

For appellant there was a brief over the name of *Mr. Frank J. Streibig, Jr.*

For respondent there was a brief over the names of *Messrs. Joseph, Haney & Littlefield* and *Mr. John C. Veatch.*

COSHOW, J.—1. The plaintiff relies on the principle of law that he has an equitable easement in every other lot in Laurelhurst Addition, and a right to have the owner of every other lot respect the building restrictions contained in all of the deeds that have been executed by the Laurelhurst Company. This court in *Duester* v. *Alvin,* 74 Or. 544 (145 Pac. 660), applied that principle.

This court in *Scott Co.* v. *Roman Catholic Archbishop,* 83 Or. 97 (163 Pac. 88), construed the identical

restrictions involved in this suit and is authority for the decree appealed from unless the instant case can be distinguished from the Scott case.

2. The plaintiff contends that because the permission granted the defendant to erect a church building on the lots owned by it was given in a separate instrument rather than in the deed of conveyance held by the defendant as evidence of its title; that because the Laurelhurst Company had dissolved prior to giving its consent to the defendant permitting it to erect a church building thereon, and had conveyed the few lots owned by it in said addition to another corporation, the Laurelhurst Construction Company, it was, without authority to grant permission to defendant to erect a church building in said Laurelhurst Addition. "A person who has parted with his interest in the premises cannot question the validity of a restrictive covenant." As a corollary the Laurelhurst Company did not have the right to grant permission to erect a school or church building after it had parted with all of its interest in the property. But the stipulation provides that the conveyance of the said seven lots by the Laurelhurst Company to the Laurelhurst Construction Company was a part of a plan or scheme of the Laurelhurst Company to aid in the settlement of the affairs of said corporation; that since June 30, 1924, the Laurelhurst Company has executed conveyances, one for the purpose of correcting an error in a former deed and the other to replace a lost deed. It does not appear from the stipulation whether or not the deed evidencing the conveyance from Laurelhurst Company to Laurelhurst Construction Company contained the restrictive clause. The consent in writing granted to the defendant to build its church was executed within six months after the Laurelhurst

Company voted to dissolve. The conveyance of the seven remaining lots was made and delivered for the purpose of settling up its corporate affairs. By the provisions of Section 6875, Or. L., Laurelhurst Company continued to exist as a body corporate for the period of five years thereafter, if necessary for the purpose of disposing of its property, settling its business and dividing its capital stock. Section 6877, Or. L., in effect contains the same provision: *Service Lumber Co.* v. *Sumpter Valley Ry. Co.*, 67 Or. 63 (135 Pac. 539).

"These statutes extending the life of the corporation, variously phrased as they are, are always construed to give the corporation the power in winding up that is needed for the protection of the public interest and the rights of individuals who have had dealings with the corporation and they have been liberally construed so as to enlarge and not to limit the corporate privileges * * ." 14a C. J. 1168, § 3835.

3. It will be presumed that the acts of a corporation after it has determined to dissolve are performed for the purpose of settling its affairs, unless it appears from the acts or other evidence that it is attempting to transact other business: *Stark Electric R. Co.* v. *McGinty Contracting Co.*, 238 Fed. 657 (151 C. C. A. 507).

4, 5. It is not contended by the plaintiff that the grantees of the Laurelhurst Company other than the Laurelhurst Construction Company are successors and assigns of the former company for the purpose of granting permission to the owner of lots in Laurelhurst to construct a school or church edifice on such lots. Plaintiff's contention is that the Laurelhurst Construction Company is the successor and assign of the Laurelhurst Company for that purpose, but it does not appear that the power reserved to the

Laurelhurst Company to grant such permission was transferred to the Laurelhurst Construction Company. The stipulation is that the seven lots were conveyed. We believe that plaintiff should have alleged and proved that the Laurelhurst Company transferred all of its interest, including the right to grant permission to the defendant to construct its church edifice on the lots. We cannot presume that, especially in the face of the fact that the conveyance to the Laurelhurst Construction Company was made for the purpose of aiding the Laurelhurst Company to wind up its affairs. We infer from that that the Laurelhurst Company is the beneficiary owner of the lots transferred to the Laurelhurst Construction Company. The plaintiff accepted the deed containing the provision that the Laurelhurst Company reserved the right to grant permission to use lots in said addition for school and church purposes. He has not shown any injury nor could he in the light of the restrictive clause in the deed. "But restrictive covenants are to be strictly construed against the person seeking to enforce them, and all doubts must be resolved in favor of natural rights and a free use of property, and against restriction." 18 C. J. 387, § 450.

"This rule of equity, however, being an encroachment on the general doctrine of the common law that the burden of a covenant does not run with the land, will be applied by a court of equity only in the exercise of its sound discretion and the courts both in England and in the United States seem inclined to restrict rather than to extend this equitable doctrine." Id., 399, § 463.

6. The plaintiff has no ground to complain because Laurelhurst Company executed the permission instead of Laurelhurst Construction Company, its alleged successor in this behalf. It must be conceded that.

one or both corporations had that right. Which one of them exercised the right is of no concern to plaintiff. The Laurelhurst Construction Company is not complaining. No other grantee has any right to complain.

7. It is also immaterial that the permission was given in an instrument separate from the deed conveying the premises to defendant. The Laurelhurst Company reserved the right to grant the permission. Plaintiff holds his title subject to that reservation. There is nothing in any of the deeds that would warrant the court in construing the deed so as to require the exercise of that right to be embodied in a deed of conveyance. For these reasons the decree appealed from is affirmed.                               AFFIRMED.