MABEL M. GIBNEY, CHARLES A. GIBNEY AND
FORREST I. REISS,

*vs.*

STOCKDALE CORPORATION, a corporation of the State of
Delaware.

*New Castle, July 20, 1934.*

*Elwood F. Melson,* of the firm of Borton & Melson, for
complainants Mabel and Charles A. Gibney.

*John B. Jester,* for complainant Forrest I. Reiss.

*Charles Warner Smith* and *Thomas M. Keith,* for de-
·fendant.

THE CHANCELLOR: In this suit the complainants seek to enjoin the defendant from erecting buildings for the conduct of a gasoline and service station business on lots six and seven, Block A, of a suburban development known as Stockdale.

Stockdale embraces a tract of land in Brandywine Hundred abutting on the Wilmington and Philadelphia Turnpike. It was purchased by the defendant from Mary S. Young in 1922. It was subdivided into about one hundred and ninety-three building lots. A plat of the subdivision, showing streets, lot locations and dimensions was made and filed in the office of the Recorder of Deeds. The defendant advertised for the sale of lots as per the plat. Its advertisements represented the lots to the public as being Restricted Home Sites.

About fifty-nine lots were sold. The deed to each lot makes specific reference to the plat and contains substantially the same restrictions. These restrictions are found in the deeds held by the complainants. They are eight in number and in a general way regulate the minimum cost of residences to be built, building lines and uses to which buildings may be put. The restrictions terminate on January 1, 1945. The language of restriction of particular interest in the present case is as follows:

"Subject nevertheless to the following terms, covenants, restrictions and limitations, all of which shall be considered as covenants running with the land until January 1, A. D. 1945, on which date they shall cease and determine; all of which shall also be considered as binding on the Heirs, Executors, Administrators, successors and assigns of the said party of the second part hereto, unless previously released by the said party of the first part hereto its successors or assigns by an Instrument in writing under seal duly recorded in the office for the Recording of Deeds, etc., in and for New Castle County aforesaid:

"First. That no building other than a private dwellinghouse for not more than one family and a suitable private garage shall be erected upon any portion of the premises described in this deed * * *. That no store shall be erected except when authorized in writing by

the Stockdale Corporation, or its successors or assigns; that no business which may be conducted in any of the buildings on said lot designated for business or store purposes shall conflict with or violate any restrictions contained in this deed.

"Second. That not more than one dwellinghouse shall be erected upon any lot shown on the plan of Stockdale or upon any lot described in this deed, except with the written consent of Stockdale Corporation. * * * "

Having conveyed about fifty-nine of the one hundred and ninety-three lots plotted in the tract to sundry grantees in which the foregoing language *inter alia* appears, the defendant began to erect the buildings here complained about on two of the unsold lots remaining in its possession and the pending bill was filed seeking a mandatory injunction requiring the removal of the structures.

At the hearing evidence was tendered by the complainants for the purpose of showing that the defendant, through its duly accredited agent, had represented to the complainants that no lots in the development would be permitted to be used for business purposes. On objection, the evidence was not admitted. That the evidence was properly rejected admits of no doubt. Its offer amounted to an attempt to graft a covenant upon the deed binding on the grantor and supported solely by parol evidence. To have accepted the offer would have violated the parol evidence rule. *Plunkett v. Dillon*, 4 *Del. Ch.* 198. In *Stoever, et al., v. Gowen, et al.*, 280 *Pa.* 424, 124 *A.* 684, 686, the Supreme Court of Pennsylvania quoted with approval the following:

"As a general rule a deed made in full execution of a contract of sale of land merges the provisions of the contract therein, and this rule extends to and includes all prior negotiations and agreements leading up to the execution of the deed, all prior purposes, stipulations and oral agreements, all collateral promises including promises made contemporaneously with the execution of the deed."

Even where there is uncertainty and ambiguity in a written contract and as a consequence surrounding circum-

stances may be shown as an aid to its interpretation, it has been held that such surrounding circumstances do not include "prior representations, proposals, and negotiations of a promissory character leading up to, and superseded by, the written agreement." *Union Selling Co. v. Jones,* (*C. C. A.*) 128 *F.* 672, 675. A deed cannot be enlarged or restricted by what may have been said between the parties antedating its execution. *Highland Realty Co. v. Groves,* 130 *Ky.* 374, 113 *S. W.* 420. See also *Martin v. Holm,* 197 *Cal.* 733, 242 *P.* 718; *Werner v. Graham,* 181 *Cal.* 174, 183 *P.* 945.

The defendant did not covenant in its deeds to the complainants nor in any of the other deeds executed by it conveying lots at Stockdale, that it would permit no stores or places of business to be erected. The plat exhibited by it contained no representations touching the matter. So far as the deeds themselves speak of the matter, the uniform language defining the restrictions plainly reveals that stores might be permitted and business allowed to be carried on. The language before quoted from the typical deed shows that. Clearly, then, the complainants should not have been permitted to introduce parol evidence which aims not merely to supplement the deeds (which would be objectionable) but aims to go farther and contradict their plain intendments. The case will, therefore, not be opened for the reception of the rejected testimony.

But the complainants do not rest their case on the rejected testimony. They contend that on the documentary evidence of the plat and the fifty-nine deeds, conjoined with the surrounding circumstances, enough appears to show Stockdale to have been a neighborhood scheme developed solely for residential purposes and that the defendant as promoter of the development should not in equity be permitted to destroy the character of the neighborhood as a residential one.

That the owner of land may lay it off in streets and lots, and expose its parcels to sale under such circumstances

and convey it by deeds so worded, as to create restrictive covenants that are reciprocal as between him and his grantees and mutually binding as among the latter, may be conceded. But did this defendant do that? I think not so far as itself is concerned. It did not covenant with each grantee to impose the same restrictions upon all other grantees. Not only so, it reserved the right at any time to grant a release to any particular grantee from all restrictions and liberate the land from their burden. That is shown by the general provisions appearing at the outset of the above quoted excerpt from the deeds reserving the right to release; and by the particular reservation of a right to authorize stores to be erected in which business is carried on found in the first restriction, and to consent to the erection of more than one dwelling on any one lot found in the second restriction.

The complainants have endeavored to make much out of the language found in the last clause of the first restriction above quoted. The clause is—"That no store shall be erected except when authorized in writing by the Stockdale Corporation, or its successors or assigns; that no business which may be conducted in any of the buildings on said lot designated for business or store purposes shall conflict with or violate any restrictions contained in this deed." The contention is made that the phrase "on said lot designated for business or store purposes" plainly indicates that no lot could be used for store or business purposes unless it be one previously designated and pointed out in the development, particularly on the plat. None having been so designated prior to the granting of the complainants' deeds, it is argued that the grantor cannot now designate any. It is enough, without more, to demonstrate the fallacy of this contention to point out that "said lot" necessarily means, by reference back, the particular lot conveyed and not some other lot lying in the plot. If the lot conveyed is the one designated for store and business purposes, then the con-

clusion follows, which of course is absurd, that every one of the fifty-nine lots conveyed by deeds carrying that language has been designated as a lot for store and business purposes. It is obvious that the phrase—designated for business or store purposes—modifies "buildings" and not "said lot." Any other interpretation would lead to an absurdity.

We have then a case of so-called development with restrictions which are imposed for the common good, but in such way that the original owner of it retains the right at all times to wipe out the restrictions in whole or in part according as his or rather its judgment should determine, with not only no covenant on its part to impose the restrictions on later grantees, but reserving the right as to restrictions imposed to release them. Where that is the case the principles applicable to neighborhood schemes in which mutual and reciprocal covenants are binding, have no pertinency. *Bealmear v. Tippett,* 145 *Md.* 568, 125 *A.* 806, 809; *Laverack, et ux., v. Allen,* 130 *A.* 615, 2 *N. J. Misc.* 637; *Rose v. Jasima Realty Corp.,* 218 *App. Div.* 646, 219 *N. Y. S.* 222; *Grussi v. Eighth Church of Christ, Scientist,* 116 *Or.* 336, 241 *P.* 66; *Whitehouse v. Hugh,* [1906] 2 *Ch. Div.* 283.

The fact that the defendant has never conveyed lots six and seven of Block A is of no moment, for it would be highly unreasonable to say that it could not itself use the lots in the same manner that it could authorize a grantee from it to use them.

The bill will be dismissed, costs on the complainants.