361 P.2d 325

**Frank T. SUTTLE and Karin Suttle, his wife, Plaintiffs-Appellees,**

v.

**Elton BAILEY and Peggy Bailey, his wife, Defendants-Appellants.**

No. 6689.

Supreme Court of New Mexico.

April 18, 1961.

**284**

Coker, Boyd, May & Kilbourne, Albuquerque, for appellants.

Jethro S. Vaught, Jr., Albuquerque, for appellees.

CARMODY, Justice.

The defendants in the court below appeal from the granting of an injunction restraining them from using their real estate as business property in violation of certain restrictions.

In about 1937, a Mr. Dickason and his wife platted and dedicated an addition to the City of Albuquerque known as the Mesa Verde Addition. The entire property was subdivided into lots and restrictive covenants placed thereon. These covenants, as to at least a certain portion of the addition, restricted the use of the property to residential uses only. The actual restrictions themselves are not pertinent, but the covenant which was contained in the deeds detailed certain prohibitions as to building and use, and closed with the following sentence:

"  *  *  *  The said covenants shall run with the land, and shall be construed as real covenants until January 1st, 1970, when they shall cease and terminate, except, however, it is mutually understood and agreed that the above covenants and restrictions or any of them, may be altered, or annulled at any time prior to said January 1st, 1970, by written agreement by and between the first party, his successors, or as-

signs, and the owner for the time being of the premises in respect of which it is agreed to alter, or annul, the said covenants and restrictions; and the said written agreement, if made, shall be effectual to alter, or annul, said covenants and restrictions as to the said premises without the consent of the owner, or owners, of any adjacent premises."

The plaintiffs are the present owners of two of the lots in the addition and the defendants are purchasing two of the adjoining lots from the now.record owners thereof, a Mr. and Mrs. Thomas. The contract of purchase provides that the property is being sold subject to the restrictions of record. The defendants have placed an office building nearer to the property line than allowed by the restrictions and have constructed improvements for the operation of an insulation business.

Although other questions are raised, the only matter that we need to determine is whether a general reservation of the power to dispense with restrictions negatives the purpose of uniform development from which the right of mutuality among lot owners in a platted subdivision is deemed to arise. To state the proposition in another way, is a reservation by the grantor of a general power to dispense with restrictions a personal covenant, or one which runs with the land?

■ This is a matter of first impression in New Mexico, although we have on numerous occasions considered various matters respecting restrictive covenants. We follow the general rule that where an owner of a tract subdivides and sells under a general plan of restriction, the restrictions may be enforced by one grantee against another. Rowe v. May, 1940, 44 N.M. 264, 101 P.2d 391. The rule is effective even though there is a reversion clause in the event of noncompliance. Rowe v. May, supra. However, this is not the answer to the immediate problem and we turn, therefore, to cases which have been decided in other jurisdictions dealing with similar reserving clauses.

In Bealmear v. Tippett, 1924, 145 Md. 568, 125 A. 806, 808, although the facts are somewhat at variance with the present case, the court said:

" * * * In view of the fact that every deed imposing restrictions contains such a reservation, which permits changes of plan as to the improvement and use of any lot by agreement of the grantor with its owner, it can hardly be said that a definite and uniform plan of development of the remaining land was assured to the grantee in any deed."

In Gibney v. Stockdale Corp., 1934, 20 Del.Ch. 272, 174 A. 117, 118, the court considered language of a restriction quite

analogous to that used in the instant case. It was provided that the covenants shall run with the land and shall be binding on the heirs, successors or assigns of the second party (purchaser) "unless previously released by the said party of the first part hereto its successors or assigns * * *." There, the court held that the quoted language did not create a reciprocal restrictive covenant, and that the principles applicable to neighborhood schemes, in which mutual and reciprocal covenants are binding, had no pertinency.

Also, in Humphrey v. Beall, 1939, 215 N.C. 15, 200 S.E. 918, 920, the court said:

"* * * The right to change the restrictions as to lots sold, and the right to sell the unsold lots without restrictions, * * * refute the idea of a general plan for residential purposes to be exacted alike from all purchasers, and to be for the benefit of each purchaser."

In Shaddock v. Walters, Sup.1945, 55 N.Y.S.2d 635, 637 the reservation was as follows:

"That the right to waive, alter, modify or annul any of the covenants and restrictions hereinbefore created is exclusively reserved unto the party of the first part and the parties of the second part for that purpose delegates [sic] any and all necessary authority unto the party of the first part to waive,

alter, modify or annul by an appropriate instrument any and all covenants and restrictions herein created. Such action may not be taken, however, without a written agreement by and between the party of the first part, and the owner or owners for the time being, of the premises upon which it agreed to waive, alter, modify or annul said covenants and restrictions as to said premises without the consent or consents of the owner or owners or mortgagees of any other premises shown on the aforesaid map or of nearby premises."

And the New York court succinctly determined this question as follows:

"This reservation to the grantor of control over the restrictions prevented mutuality of covenant and consideration between the grantees, and marked the covenant as being for the benefit of the grantor. (Citations) * * *."

It would unduly lengthen this opinion to quote from the many other cases which are in accord. However, see Le Blanc v. Palmisano, La.App.1949, 43 So.2d 263; Bright v. Forest Hill Park Development Co., 1943, 133 N.J.Eq. 170, 31 A.2d 190; Maples v. Horton, 1954, 239 N.C. 394, 80 S.E.2d 38; and Grussi v. Eighth Church of Christ, 1925, 116 Or. 336, 241 P. 66.

Appellees cite Laverack v. Allen, 1924, 2 N.J.Misc. 637, 130 A. 615, as supporting their position. However, as we view the

case, it does not conflict with the almost unanimous weight of authority and was determined principally on special provisions of the deeds, thereby arriving at the somewhat doubtful result that the various grantees could take advantage of the basic restrictive provisions until the grantor saw fit to revoke them. In any event, the later New Jersey cases of Bright v. Forest Hill Park Development Co., supra, and Rankin v. Brown, 1948, 142 N.J.Eq. 180, 59 A.2d 645, hold that such a reservation is a personal covenant and one which does not run with the land.

Appellees also rely on Stanford v. Brooks, Tex.Civ.App.1957, 298 S.W.2d 268, but there the right reserved by the grantor was limited to certain minor changes which were obviously designed for the benefit of the entire subdivision—there was no reservation authorizing any deviation of the residential purpose restriction.

It should be noted that Mr. Dickason testified at the trial and, although his testimony is under attack as to certain matters which we do not deem necessary to discuss, appellees make much of the fact that Mr. Dickason exercised the right to alter or change on only one occasion. This, of course, can have no bearing on the general holding of the court, as we cannot concern ourselves with what construction the grantor himself placed upon the reservation, but we must construe the same as it is written. It is the language used together with the circumstances surrounding the transaction which are controlling. Berger v. Santa Fé College, 1923, 28 N.M. 545, 215 P. 825; Rowe v. May, supra; Hoover v. Waggoman, 1948, 52 N.M. 371, 199 P.2d 991; and H. J. Griffith Realty Co. v. Hobbs Houses, Inc., 1960, 68 N.M. 25, 357 P.2d 677. The right was reserved to the grantor, and the fact that it was not exercised except in the one instance does not destroy the substance of the right. No subsequent grantee had any assurance, other than the personal integrity of the original grantor, that the restrictions on any adjacent lot or lots in the subdivision might not be altered or annulled at any time without his consent. Therein lies the lack of mutuality or reciprocity so necessary to create a covenant which will run with the land and inure to the benefit of all subsequent owners. We, therefore, hold that the reservation included in the covenant made it a personal covenant between the grantor and his individual grantees, and that there is no right as between the individual grantees to enforce the restrictive covenants; that the right is one which is vested only in the grantor, and does not run with the land.

In view of our conclusion, it is unnecessary to determine any of the other points raised by appellants.

The judgment of the district court will be reversed and the cause remanded, with direction to set aside its judgment and

decree and to enter judgment denying the injunctive relief sought and dismissing the complaint.

It is so ordered.

COMPTON, C. J., and CHAVEZ and MOISE, JJ., concur.

NOBLE, J., not participating.