443 P.2d 863 (1968)
79 N.M. 770
George T. HARRIS, Jr., Petitioner-Appellee,
v.
FOUR HILLS DEVELOPMENT CORPORATION, C. Derwood Knight, Harry T. Driver, E.M. Wilson, Claude Wylie and Marshall Wylie, Defendants-Appellants.
No. 8596.
Supreme Court of New Mexico.
July 22, 1968.
*864 Knight & Sullivan, Charles R. Thompson, Albuquerque, for defendants-appellants.
Hugh R. Horne, Albuquerque, for petitioner-appellee.

OPINION
CARMODY, Justice.
In this case, we are concerned with the meaning of certain covenants and restrictions to which deeds to residential tracts in the Four Hills Village addition to the City of Albuquerque are subjected. The question is whether the keeping, at times, at the Harris residence, of a Royal Coachman camper, a Starcraft boat, and a boat trailer violated either the express or implied terms of the covenants contained in the reservations, covenants and restrictions. The trial court granted summary judgment, which, in effect, determined that there was no violation of the covenants or restrictions, and this appeal followed.
Although appellant Four Hills first claims that summary judgment was improper, we find such contention without merit, because the basic facts are admitted in the pleadings and the only problem is one of construction of the covenants as written. Suttle v. Bailey, 68 N.M. 283, 361 P.2d 325 (1961); and H.J. Griffith Realty Co. v. Hobbs Houses, Inc., 68 N.M. 25, 357 P.2d 677 (1960).
The express provision which appellants claim is violated by the maintenance of the personal property on the real estate is as follows:
"No trailer, house-trailer, or car or other movable structure shall ever be parked or placed on any lot for use as a residence, servant's quarters, or out building. Even though not in use, same must not be parked on any lot or in driveways, nor shall any utilities be connected from any residence or structure in this subdivision to any trailer-house for any purpose."
We would first observe that restrictive covenants are strictly construed against the grantor. Cree Meadows, Inc. (NSL) v. Palmer, 68 N.M. 479, 362 P.2d 1007 (1961). While this rule of law is conceded by appellants, it is urged that the intent of the parties is to be effectuated *865 with a view of supporting, rather than defeating, the instrument, and that the language as a whole, considered with the circumstances surrounding the transaction, and the objects of the parties are to be looked to. Hoover v. Waggoman, 52 N.M. 371, 199 P.2d 991 (1948). We would generally agree, but note that the Hoover case applied the rule to facts greatly differing from those before us. In Hoover, the question involved the use of a lot for clearly non-residential purposes, contrary to the obvious intention of the original seller and purchasers. Here, the intention claimed by the appellants is not so readily apparent.
Quite obviously, the first sentence of the covenant quoted above has no application to the case at bar, as there is no intimation that the articles of personalty are on the lot "for use as a residence, servant's quarters, or out building." Thus to arrive at the intent of the parties, the two sentences of the covenant must be construed together. If given a literal construction and carried to its logical conclusion, under appellants' argument, even a "car" could not be parked on the premises. Certainly, such was not the intention of any of the parties. To us, the meaning which must be given to the paragraph is to prevent the use of the specified items of personalty as any type of living quarters and to expressly prohibit any such item from being connected with utilities. The plain meaning of the paragraph is not such as would prevent the free use of one's property for the parking of recreational facilities. Compare, Parrish v. Richards, 8 Utah 2d 419, 336 P.2d 122 (1959); and Kent v. Smith, 410 S.W. 2d 833 (Tex.Civ.App. 1967).
Paraphrasing what was said in Hoover in its quotation from a Tennessee case, the giving of a literal interpretation so as to amount to an invasion of the intention of the parties is not justified, but if a reasonable interpretation may be given favoring the free use of property, it should be done. The ambiguity must be strictly construed against the grantor. Cree Meadows, Inc. (NSL) v. Palmer, supra. We do not believe that the Harris actions were violative of the express provision of the covenant.
In the alternative, appellants rely on the general provisions of the reservations and covenants applicable to the property which require approval of proposed buildings by an architectural committee, general control over location of plants and landscaping, and generally providing that the committee have over-all supervision so as to create and preserve an area of residential beauty, thereby claiming that, at least by implication, Harris is restricted from using the property for the parking of his equipment. We recognize that implied reservations exist. See, Hoover, supra; and Rowe v. May, 44 N.M. 264, 101 P.2d 391 (1940). In the latter case, we held that an apartment house violated the restriction providing for single-family dwellings. However, we do not believe that either of the above cases, both of which concerned a contemplated commercial venture, is in any sense controlling here. Neither do we feel that appellants' argument that the parking of the recreational equipment is not "incidental to family residence purposes" as permitted by the covenants is persuasive. In this connection, appellants seem to claim that the parking of the property can have no bearing upon the residence purpose, because the articles can only be used or enjoyed away from the family home. There being no express covenant to the contrary, we will not infer an encroachment on the free use of one's property such as that involved here. See, H.J. Griffith Realty Co. v. Hobbs Houses, Inc., supra.
Finding no error, the judgment of the trial court will be affirmed. It is so ordered.
CHAVEZ, C.J., and NOBLE J., concur.