794 P.2d 739

James E. KNIGHT and Oleta Knight, his wife, et al., Petitioners–Appellees,

v.

The CITY OF ALBUQUERQUE, Double Eagle Country Club, et al., Respondents–Appellees,

Concept Development Group, Inc., Intervenor–Appellant.

No. 12141.

Court of Appeals of New Mexico.

June 14, 1990.

George A. Dubois, Dubois, Caffrey, Cooksey & Bischoff, P.A., Albuquerque, for petitioners-appellees.

Martin E. Threet, Albuquerque, for respondent-appellee Double Eagle Country Club.

Patrick Villella, Villella, Skarsgard & Noya, P.A., Albuquerque, for intervenor-appellant.

## OPINION

BIVINS, Chief Judge.

Plaintiffs are owners of real property situated in a subdivision named Paradise Hills Country Club Estates. They filed suit against a number of defendants in an attempt to prevent development of any property denominated, on the subdivision plats, as part of the golf course. The trial court granted summary judgment to plaintiffs and issued a declaratory judgment delineating the boundaries of the golf course and limiting the use of that property to use as a golf course, as a park, or for similar open space purposes. Intervenor Concept Development Group, Inc. (Concept) filed an appeal from the judgment.

The relevant undisputed facts are as follows: (1) the original developers of Paradise Hills used the golf course as a selling tool and in the plat of the subdivision denominated the territory it would occupy; and (2) plaintiffs relied on the continued existence of the golf course in purchasing their properties from the developer. Under New Mexico law, these facts give rise to a private right of action on the part of the property owners to prevent the golf course from being utilized for other purposes. *See Ute Park Summer Homes Ass'n v. Maxwell Land Grant Co.*, 77 N.M. 730, 427 P.2d 249 (1967); *Cree Meadows, Inc. v. Palmer*, 68 N.M. 479, 362 P.2d 1007 (1961). The foregoing cases establish that a developer will not be allowed to induce purchasers to buy property by purporting to include open space such as parks or golf courses in a subdivision plat, only to subsequently change the uses of those open space areas.

Concept argues this case is distinguishable from *Ute Park* and *Cree Meadows* because in this case the developer specifically reserved the right to build hotels, cottages, or other facilities on any tract shown on the Paradise Hills Country Club Estates plat without the permission of the owners of any lot located within the subdivision. This reservation was contained in provision 20 of the recorded conditions and restrictions on development filed by the developer and incorporated into the purchasers' warranty deeds. Concept contends any rights created by the sale of subdivision property with reference to the plat are merely implied rights, and that provision 20's specific reservation of rights takes precedence over those implied rights. In short, Concept contends that a developer may simultaneously use a subdivision plat showing open space areas as a selling tool, yet retain the right to unilaterally change the character of the open space. Such a result is patently unfair and violative of public policy. *See Callahan v. Ganneston Park Dev. Corp.*, 245 A.2d 274 (Me.1968) (developer created plan of subdivision showing location of streets; simultaneously recorded covenants purporting to reserve the right to alter the location of streets; court held attempted reservation of rights contravened public policy). A developer may not induce buyers to purchase lots by pointing to the present or planned existence of a park or golf course, while retaining the power to alter the use of the park or golf course. *See id.*

We note that under New Mexico law, it is immaterial whether the private right of action created in circumstances such as these is termed an implied grant, an implied covenant, an easement, or a right based on estoppel. *See Ute Park Summer Homes Ass'n v. Maxwell Land Grant Co.* The private rights created when buyers purchased their lots with reference to the plat are superior to the developer's attempt to reserve the power to alter the use of the areas delineated on the plat as golf course tracts.

Based on the foregoing, we hold that summary judgment was properly granted

in this case, and we affirm the decision of the trial court.

IT IS SO ORDERED.

DONNELLY and APODACA, JJ., concur.