This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**LEONARD NETTLES and KAY NETTLES,**

    Plaintiffs-Appellants,

v.                              **NO. 31,342**

**TICONDEROGA OWNERS' ASSOCIATIONS, INC., THE TICONDEROGA RECREATIONAL ASSOCATION, INC., JAMES W. MUNDY, JAMES CUNNINGHAM, RANDALL BEVIS, and DAVID PALM,**

    Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF RIO ARRIBA COUNTY**
**Sheri A. Raphaelson, District Judge**

Van Amberg, Rogers, Yepa, Abeita & Gomez, LLP
Ronald J. Van Amberg
Santa Fe, NM

for Appellants

Carpenter, Hazlewood, Delgado & Wood, PLC
Javier Delgado
Tempe, AZ

for Appellees James Cunningham
and James W. Mundy

Keleher & McLeod, P.A.
Ann Maloney Conway
Christina Muscarella Gooch
Albuquerque, NM

for Appellees Ticonderoga Owners' Assocations, Inc.

**MEMORANDUM OPINION**

**FRY, Judge.**

Plaintiffs appeal the grant of summary judgment on their complaint for breach of contract in regard to restrictive covenants. In our notice, we proposed to affirm the summary judgment. Both Plaintiffs and Defendants have timely responded. We have considered their arguments and affirm.

In our notice, we proposed to conclude that the amendments made to the restrictive covenants were, not only allowed, but properly done. In so doing, we relied on established New Mexico cases stating that where the restrictive covenants themselves contain a clear provision allowing for change, the changes are valid and will be enforced. Plaintiffs continue to argue that where the changes do not uniformly apply to all the properties affected, then they are invalid. *Montoya v. Barreras*, 81 N.M. 749, 753, 473 P.2d 363, 367 (1970). They argue, and we agree, that changes must apply uniformly.

Contrary to Plaintiffs' assertions, however, the changes made here to the restrictive covenants applied uniformly to all properties in the subdivision. The changes to the covenants made clear that maintenance by the community association

was limited to easements and properties that were defined as "common." [RP 178, 209-210] Not every road in the subdivision is a common easement. Plaintiffs appear to argue that theirs is the only road that was declared not to be a common easement. But that is not the case. The change to the covenants applies to all the properties in the subdivision, such that association maintenance will be only for the common easements as identified on the plat. The fact that Plaintiffs' property does not abut a common easement does not make the application of the changes any less uniform. It appears from the plat that there are other properties in the subdivision that will not have community maintained roads as a result of the change in the covenants. Thus, we conclude that the change to the covenant regarding maintenance applies uniformly to all properties in the subdivision.

Plaintiffs continue to argue that the language in the covenants did not adequately apprise them of the ability of a majority of property owners to change the covenants. In so doing, they rely on *Agua Fria Save the Open Space Ass'n v. Rowe*, 2011-NMCA-054, 149 N.M. 812, 255 P.3d 390. In that case, this Court concluded that language in covenants that allowed "'three fourths of the owners' of 'said block or tract' [to] alleviate, amend, release, or extinguish any of the restrictive covenants, except the Blanket Restrictions" was ambiguous as applied to a tract that was not a

subdivided tract or subject to multiple ownership. *Id.* ¶ 17. There is no such ambiguity here.

The covenant here provides that "[o]wners holding at least seventy-five percent (75%) of the voting power of the Association (i) may, by executing, and acknowledging an appropriate instrument, at any time, change, amend, modify or revise any of said restrictive covenants, with respect to all or any portion of the Property." [RP 200, ¶ 7.4] Unlike the covenant in *Agua Fria*, which was not clear that it applied to the property in question, this covenant is clear that it applies to all property within the subdivision and to all owners. We do not believe that there is any ambiguity or any issue of material fact requiring a trial with regard to whether or not the covenant properly apprised Plaintiffs of the possibility that the covenants might be amended or changed.

Plaintiffs argue that even if the covenants clearly give the ability to change or amend them, such amendments cannot be arbitrary. We agree that "provisions allowing amendment of subdivision restrictions are subject to a requirement of reasonableness." *Appel v. Presley Companies.*, 111 N.M. 464, 466, 806 P.2d 1054, 1056 (1991). Plaintiffs appear to be arguing that amendments requiring a minority to maintain their own roads while also requiring them to help maintain roads used by the

majority is, as a matter of law, unreasonable. We cannot agree with Plaintiffs' view of the changes.

It appears that the purpose of the changes was to clearly define the common easements in the subdivision as those roads that led to Recreation Areas. [RP 337-343] Thus, those roads were ones that were used by a majority of the owners in the subdivision. It does not appear that any consideration was given to the number of properties abutting the common easements. Rather, the changes were meant to reflect the original subdivision plans, which included numerous recreation areas for hunting, fishing, hiking and ATV use. We cannot say that the changes made to the covenants were unreasonable here.

Plaintiffs continue to argue that representations made during marketing "trump" the ability to change covenants. We agree that representations made as inducements are enforceable. *Knight v. City of Albuquerque*, 110 N.M. 265, 266, 794 P.2d 739, 740 (Ct. App. 1990). Plaintiffs argue that representations were made that this was a gated community and that all roads would be maintained. It appears that they are relying on the subdivision covenants and plats to support these representations. [MIO 12] This is not a case, however, where property was sold with reference to a map or plat showing a park or open space. Rather, Plaintiffs are relying on the plats and covenants to assert that they were promised road maintenance and gates to protect

5

their property. It appears, however, that the only duty of the Association was to maintain the "Common Easements." [RP 291-92, ¶ 4.1] It is not clear that every road in the subdivision was a common easement. Further, there does not appear to be anything in the covenants speaking to gates.

Further, Plaintiffs argue that representations were made to them regarding road maintenance and gates at the time they purchased their property. In our notice, we pointed out that it did not appear that such representations were made by any of the Defendants in this action. Plaintiffs now argue that the current Association is a successor to the developer and should be bound by his representations. This appears to be a new argument not presented below. As such, we will not address it. *See Woolwine v. Furr's, Inc.*, 106 N.M. 492, 496, 745 P.2d 717, 721 (Ct. App. 1987) ("Where the record fails to indicate that an argument was presented to the court below, unless it is jurisdictional in nature, it will not be considered on appeal."). Finally, Plaintiffs continue to argue that the change in the covenants destroyed the consideration for the covenants. As we pointed out in our notice, not every amendment will destroy the consideration for the covenants. Our cases focus on situations where the developer retains the power to dispense with restrictive covenants. *See Suttle v. Bailey*, 68 N.M. 283, 361 P.2d 325 (1961). In such situations, the mutuality of contract between the parties is illusory as the developer

retains to himself the ability to change restrictive covenants that the grantee has relied on.

Here, in contrast, the developer did not retain to itself the power to change the covenants, but rather the covenants themselves provide a manner in which all those subject to the covenants can effect a change. Thus, here, if seventy-five percent of the property owners support a change, it will be made. We fail to see how that ability of a majority of the property owners to change the covenants results in a lack of consideration here. Contrary to Plaintiffs' argument, amendment to covenants made by a super-majority of those who are subject to the covenants is vastly different from amendment made solely by the developer after the grantee has purchased the property. We conclude that there was no lack of consideration here for the restrictive covenants.

**CONCLUSION**

For the reasons stated herein and in the notice of proposed disposition, we affirm.

**IT IS SO ORDERED**.

_____

**CYNTHIA A. FRY, Judge**

7

**WE CONCUR:**

_____
**MICHAEL E. BUSTAMANTE, Judge**

_____
**LINDA M. VANZI, Judge**