This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**AGUA FRIA SAVE THE OPEN SPACE ASSOCIATION, an unincorporated association,**

Plaintiff-Appellant,

v.                                                                          **NO. 32,350**

**JAMES C. ROWE, and C & S RESORT PROPERTIES, INC.,**

Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF LINCOLN COUNTY**
**Jerry H. Ritter, District Judge**

Alex Chisholm
Albuquerque, NM

for Appellant

Adam D. Rafkin, P.C.
Adam D. Rafkin
Ruidoso, NM

for Appellees

**MEMORANDUM OPINION**

**GARCIA, Judge.**

**{1}** Plaintiff, Agua Fria Save the Open Space Association, appeals from the district court's judgment in favor of Defendants following our decision to remand for further proceedings in *Agua Fria Save the Open Space Ass'n v. Rowe*, 2011-NMCA-054, 149 N.M. 812, 255 P.3d 390 (*Agua Fria I*). In *Agua Fria I*, we held that the district court erred in granting partial summary judgment in favor of Defendant Rowe because the meaning of certain language contained in a restrictive covenant—specifically, the extinguishment provision—was ambiguous as applied to a particular tract of land. *Id.* ¶¶ 17, 25. We remanded for further proceedings with instructions that Plaintiff could present evidence regarding the circumstances surrounding the adoption of the extinguishment provision and the original developers' purpose and intent with respect to the tract of land at issue. *Id.* ¶¶ 25, 28. Defendant C & S Resort was added as an additional party when the case was remanded. The district court ruled in favor of Defendants on remand and Plaintiff appeals from that decision. We affirm.

**BACKGROUND**

**{2}** This dispute concerns the possible development of residential townhomes on a 7.23 acre tract of land known as the Country Club Tract located in the Agua Fria Subdivision in Ruidoso Downs, New Mexico (the Subdivision). *Id.* ¶ 2. The Subdivision is subject to restrictive covenants recorded with the Lincoln County clerk by the original developers on July 7, 1954. *Id.* Section 3(B) of the restrictive

covenants describes the Country Club Tract as follows:

> The Country Club Tract may be used for a hotel and/or club house and commercial activities for profit, which generally accompany such establishments, such as restaurants, bars, rooms and halls for dancing, tennis courts, swimming pools, fishing, boating and other athletic events and activities operated in connection with such hotel or club house only.

Section 4(b) of the restrictive covenants, which concerns amendment or extinguishment of the restrictive covenants, states in pertinent part:

> Provided, however, that at any time hereafter any of said covenants or restrictions in whole or in part . . . may be alleviated, [amended], released or extinguished as to any block or tract by written instrument duly executed, acknowledged and recorded by three fourths of the owners of said block or tract voting according to front foot holding, each front foot counting as one vote . . . .

{3}     After Defendant Rowe commenced development of the Country Club Tract, Plaintiff filed a complaint in district court seeking to enforce the restrictive covenants and enjoin Defendant from developing the Country Club Tract. Defendant Rowe claimed that he had extinguished the restrictive covenants with respect to the Country Club Tract pursuant to Section 4(b). The district court granted partial summary judgment in favor of Defendant Rowe, concluding that he had properly extinguished the restrictive covenants with respect to the Country Club Tract. The issue of whether the homeowners in the Subdivision had been induced to purchase land based on the original developers' representations that the Country Club Tract would remain open space was tried to the jury, and the jury found in favor of Defendant Rowe. Plaintiff

3

appealed to this Court, arguing, among other things, that the district court erred in concluding that Defendant Rowe had extinguished the restrictive covenants with respect to the Country Club Tract.

**{4}** In *Agua Fria I*, we concluded that the extinguishment provision is ambiguous as applied to the Country Club Tract. 2011-NMCA-054, ¶ 17. The provision could be interpreted as applying to the Country Club Tract because it applies to "any block or tract" and the Country Club Tract is a tract. *See id.* Alternatively, it could be interpreted as not applying to the Country Club Tract because it requires owners to vote according to front foot holding and thus seems to contemplate a subdivided block or tract, which the Country Club Tract is not. *See id.* We rejected a rule of strict construction and held that the intent of the parties controls the interpretation. *Id.* ¶ 24. We concluded that summary judgment was improperly granted and remanded to the district court for consideration of the intended meaning of the extinguishment provision at the time of its adoption. *Id.* ¶ 25.

**{5}** Following our decision in *Agua Fria I*, a bench trial was held in the district court. Plaintiff presented evidence supporting its interpretation of the extinguishment provision as inapplicable to the Country Club Tract. The district court rejected Plaintiff's interpretation and entered judgment in favor of Defendants. Plaintiff appeals from this decision.

**DISCUSSION**

{6}     Plaintiff contends the district court erred in concluding that the extinguishment provision applies to the Country Club Tract. **[BIC 11]** Plaintiff also contends the district court erred in entering judgment in favor of Defendants because Defendants did not introduce any evidence supporting its interpretation of the extinguishment provision. **[BIC 19]**  We review the district court's factual findings for an abuse of discretion and its legal conclusions de novo. *See Ponder v. State Farm Mut. Auto. Ins. Co.*, 2000-NMSC-033, ¶ 7, 129 N.M. 698, 12 P.3d 960; *see also Sabatini v. Roybal*, 2011-NMCA-086, ¶ 6, 150 N.M. 478, 261 P.3d 1110 ("Whether a district court has correctly construed a restrictive covenant is a question of law which we review de novo.").

{7}     Plaintiff concedes that there is no direct evidence regarding the intended meaning of the extinguishment provision at the time of its adoption. Plaintiff argues, however, that the original developers must have intended for the Country Club Tract to be exempt from the extinguishment provision because the original plat and restrictive covenants designated the Country Club Tract as open space and the developers advertised the Subdivision by promoting the lake and open space. To support its argument, Plaintiff introduced into evidence pictures of the Country Club Tract at the time lots were sold by the original developers; newspaper advertisements

promoting the lake and stream located on the Country Club Tract; and multiple deeds conveying lots in the Subdivision.

{8}     Consistent with this evidence, the district court specifically found that the developers advertised the lots on the Subdivision as "includ[ing] a private lake for swimming and fishing." However, the district court was not persuaded that the developers intended for the Country Club Tract to be exempt from the extinguishment provision. The district court concluded that Plaintiff's evidence did not resolve the ambiguity and interpreted the extinguishment provision in favor of free enjoyment of the property, consistent with its plain language. The district court reasoned that "[t]he mechanism of voting 'according to front foot holding' logically can be exercised by a sole owner of a tract."

{9}     We perceive no abuse of discretion in the district court's factual findings and no error in its legal conclusions. Where language contained in a restrictive covenant is ambiguous, we apply our standard rules of interpretation. *See Sabatini*, 2011-NMCA-086, ¶ 12. First, "[w]e must give the words in a restrictive covenant their ordinary and intended meaning." *Id.* Next, "[w]e construe the language strictly in favor of the free enjoyment of the property and against restrictions, but not so strictly as to create an illogical, unnatural, or strained construction." *Id.* (internal quotation marks and citation omitted). Finally, "we will not read restrictions into covenants by

implication." *Id.* (internal quotation marks and citation omitted).

{10}    We agree with the district court that these rules of construction support Defendants' position that the extinguishment provision applies to the Country Club Tract. This interpretation gives the words "any block or tract" their ordinary meaning, as applying to any tract. It allows for free enjoyment of the property in a way that is not illogical, unnatural, or strained. And it does not require us to read into the extinguishment provision an intent that was different than the language used by the original developers of the subdivision.[1]

{11}    Plaintiff cites *Knight v. City of Albuquerque*, 1990-NMCA-067, 110 N.M. 265, 794 P.2d 739, in support of its position, but that case is inapposite. In *Knight*, we held that the district court did not err in issuing a declaratory judgment delineating the boundaries of a golf course and limiting the use of that property to a golf course, park, or similar open space. *Id.* ¶¶ 1, 5. There, it was undisputed that: "(1) the original developers . . . used the golf course as a selling tool . . . and (2) plaintiffs relied on the

---

[1]We note that our holding is consistent with our Supreme Court's decision in *Cree Meadows, Inc. v. Palmer*, 1961-NMSC-086, ¶ 8, 68 N.M. 479, 362 P.2d 1007. In *Cree Meadows*, the Supreme Court addressed restrictive covenants worded in the same way as the restrictive covenants here, involving a subdivision similar to the one here, involving a similar country club tract and including an identical extinguishment provision. *Id.* ¶¶ 3-8 (holding that the extinguishment provision applied to the tract designated as the "Country Club Tract" but did not apply to the area denominated as a "golf course.")

7

continued existence of the golf course in purchasing their properties from the developer." *Knight*, 1990-NMCA-067, ¶ 2. These issues were disputed in the present case, were decided against Plaintiff in the jury trial, and are not the subject of this appeal. The only issue that remained following our decision in *Agua Fria I* concerned the intent of the original developers with respect to the extinguishment provision. 2011-NMCA-054, ¶ 25. Plaintiff was unable to produce any direct evidence regarding the intent of the developers and we agree with the district court's resolution of the ambiguity in the extinguishment provision.

{12}     Though Plaintiff does not identify it as a separate issue, Plaintiff also argues that the district court erred in entering judgment in favor of Defendants because Defendants did not present any evidence supporting its interpretation of the extinguishment provision. Plaintiff contends that where, as here, a contractual provision is ambiguous, both parties bear the burden of proof. We do not believe that Defendants were required to introduce any additional evidence supporting its position. *See Trujillo v. Sonic Drive-In/Merritt*, 1996-NMCA-106, ¶ 20, 122 N.M. 359, 924 P.2d 1371 (leaving the decision regarding additional evidence and argument on remand, if any, to the discretion of the district court). Our remand in *Agua Fria I* specifically invited Plaintiff to introduce evidence supporting its interpretation of the ambiguous extinguishment provision and Plaintiff was unable to present sufficient

evidence to convince the factfinder. The district court correctly reviewed all the evidence and resolved the ambiguity by applying the appropriate rules of construction. It was not error to rule in favor of Defendants without receiving further evidence to support Defendants' position. *See Phelps Dodge Tyrone, Inc. v. N.M. Water Quality Control Comm'n.*, 2006-NMCA-115, ¶ 37, 140 N.M. 464, 143 P.3d 502 (recognizing that on remand the same result may be reached by the factfinder and it may take additional evidence, in its discretion, as it deems reasonable and necessary). As discussed above, we perceive no error in the district court's reasoning or the result it reached.

**CONCLUSION**

{13}    We affirm the district court's judgment in favor of Defendants.

{14}    **IT IS SO ORDERED.**

 

_____

**TIMOTHY L. GARCIA, Judge**

WE CONCUR:

_____
JAMES J. WECHSLER, Judge

_____
M. MONICA ZAMORA, Judge