306 P.2d 1073

William M. O'GARA, Executor of the Estate of Nancy E. Hirigaray, Deceased, Appellant,

v.

Archie FINDLAY, Respondent.

No. 8527.

Supreme Court of Utah.

Feb. 8, 1957.

Peter M. Lowe, Salt Lake City, for appellant.

Rex W. Hardy, Salt Lake City, for respondent.

WORTHEN, Justice.

Appeal from a judgment quieting title to certain property in Davis County, Utah, in the defendant, Archie Findlay, in an action instituted by the executor of the estate of Nancy E. Hirigaray, deceased, to cancel a deed from the decedent to the defendant to the said property and to have the same declared to be part of decedent's estate.

Appellant raises two contentions: (1) that the evidence preponderates against the finding of the trial court that there was a valid delivery of the deed in question and (2) that the trial court erred in admitting certain testimony in claimed violation of the "dead man statute" 78–24–2, U.C.A.1953, which in part provides:

"The following persons cannot be witnesses:

\* \* \* \* \* \*

"(3) A party to any civil action, \* \* \* and any person directly interested in the event thereof, \* \* \* when the adverse party in such action \* \* \* sues \* \* \* as the executor \* \* \* of any deceased person \* \* \* as to any statement by, or transaction with, such deceased, \* \* or matter of fact whatever, which must have been equally within the knowledge of both the witness and such \* \* \* deceased person, *un-*

*less such witness is called to testify thereto by such adverse party so * * suing * * * in such action * *."* (Emphasis added.)

As to the second contention raised by appellant, we find from the record that appellant as executor of the estate called both witnesses and in questioning them was the first to delve into the subject of conversations of decedent upon direct examination. He is therefore in no position to object when the adverse party explores the subject more fully upon cross-examination of the witness. In plain terms the statute does not apply when the witness has been called to testify to the transaction by the executor of the estate, the adverse party.

The main contention upon appeal is that there was no valid delivery of the deed in question. In reviewing this contention, we will keep in mind the fact that the trial court found a valid delivery. Since this is true, we will not overturn its decision unless it is manifest that the trial court has misapplied proven facts or made findings clearly against the weight of the evidence.[1]

The only witnesses to testify in the action were the defendant and Mr. Gailey, the president of Barnes Banking Company, Kaysville, Utah. Both were called by plaintiff and their testimony was uncontradicted.

According to their testimony, Nancy E. Hirigaray, the deceased contacted the defendant, her nephew, relative to aiding her in the disposition of her property. Defendant, a resident of Blackfoot, Idaho, came to Layton, Utah, and accompanied Mrs. Hirigaray to Barnes Banking Company in Kaysville, Utah, contacting Mr. Gailey at the bank. Defendant had not previously met Mr. Gailey and had not previously transacted any business with Barnes Banking Company.

While at the bank, Mrs. Hirigaray executed the deed in question to the defendant. Mr. Gailey, under whose direction the deed was prepared, testified that he told decedent that in order for the deed to be effective as a conveyance, it would have to be delivered to defendant. Mr. Gailey also testified that he told decedent the delivery would have to be irrevocable and that the property would no longer be decedent's after she delivered the deed.

Thereupon Mrs. Hirigaray gave the executed deed to defendant and he in turn gave it to Mr. Gailey for safekeeping. Mr. Gailey testified that they at the bank were holding the deed for defendant and

1. Stanley v. Stanley, 97 Utah 520, 94 P.2d 465; Kartchner v. Horne, 1 Utah 2d 112, 262 P.2d 749.

would have surrendered it only to him or upon order.

At the time the deed was executed or shortly thereafter, Mrs. Hirigaray executed a list of instructions to defendant as to the disposition of this property after her death. This list was placed in the bank in the same envelope with the deed. Between the execution and delivery of the deed and Mrs. Hirigaray's death in 1955, Mrs. Hirigaray remained in possession of the property, paid taxes upon it, and lived thereon. She also changed the first list of instructions several times, always however referring to the execution and delivery of the deed in the past tense. The first instruction sheet was not found after the death of Mrs. Hirigaray, and it can be assumed that she took it from the envelope and destroyed it on one of her trips to the bank.

Shortly before Mrs. Hirigaray went to the hospital for her final illness, defendant contacted her to discover whether or not she had any final instructions for him relative to this property. Shortly after the death of Mrs. Hirigaray, defendant went to Barnes Banking Company, obtained the deed, and had it recorded.

Upon these facts appellant contends the trial court was manifestly erroneous in finding a valid delivery, contending that the entire scheme shows an intent to make a testamentary transfer of the property and not a present conveyance thereof. In support of this contention, he cites and relies upon First Security Bank of Utah v. Burgi.[2] We fail to agree that the cited case controls the situation.

In that case the grantor decedent had operated a grocery store and the deed in question conveyed that property to grantor's son. There was also some evidence that the grantee son had taken some active part in the business operations. The grantee testified that the deed had been delivered to him, and that he had waited until after the death of his father to record it. This evidence was contradicted by other testimony to the effect that the son upon his father's death confiscated the keys to the store vault, saying that there was a deed in there he was going to get and record and that the son had refused to allow anyone else to be present when he opened the said vault. Upon that conflicting evidence, the trial court found that no delivery had been made, and this court upheld the finding.

The instant case is quite different. Here there is no evidence that delivery of the deed was not intended by the decedent and in order to make a finding

2. Utah, 251 P.2d 597.

that there was no delivery, the trial court would have had to find against the un-contradicted testimony, but such finding he refused to make. We are not inclined to overturn the findings of the trial court when supported by the uncontradicted testimony of all the witnesses, which is un-refuted by the documentary evidence in-volved, nor are we aware of any rule of law that would permit us to do so.

Nor does the fact that Mrs. Hirigaray periodically changed her instructions to defendant as to disposition of the prop-erty after her death negative an uncon-ditional delivery of the deed itself. The question of whether the delivery of the property to defendant was in trust for others is not at issue in this case, nor does defendant now contend that he is the beneficial owner of all the property in question.

This court has held on similar facts and on other facts not nearly so clear that a valid delivery of a deed had been effected.[3] We therefore affirm the find-ing of the trial court that there was a valid delivery of the deed in question.

Judgment affirmed. Costs to respondent.

McDONOUGH, C. J., and CROCKETT, WADE and HENRIOD, JJ., concur.

3. See Woolley v. Taylor, 45 Utah 227, 144 P. 1094; Losee v. Jones, 120 Utah 385, 235 P.2d 132 and cases therein cited.