315 P.2d 978

Donal FERRIN, Plaintiff and Respondent,

v.

Clyde W. FERRIN, Defendant and Appellant.

No. 8571.

Supreme Court of Utah.

Oct. 8, 1957.

John A. Hendricks, Ogden, for appellant.

I. Gordon Huggins, Ogden, for respondent.

WORTHEN, Justice.

Action by plaintiff to dissolve a partnership at will, for an accounting and for damages for attempted wrongful termination of said partnership. From a decree dissolving the partnership, ordering an accounting, appointing a receiver to take over the business and operate the same until an advantageous sale can be made and awarding plaintiff $1.00 nominal damages, defendant appeals.

Plaintiff and defendant about the 1st day of January, 1948, entered into a partnership at will under the firm name of Ogden Alfalfa Mills. On or about the 15th of April, 1955, defendant notified plaintiff that he was terminating the partnership and expelled plaintiff from the business and took over complete control of the same. On or about the 1st day of June, plaintiff brought the action to dissolve the partnership and for an accounting. Defendant answered and counter-claimed alleging that plaintiff violated the partnership agreement by failing to devote himself to the business, absenting himself from the business on numerous occasions and for long periods of time and wrongfully refusing to do certain work which defendant was obliged to do.

The court, sitting without a jury, tried the case and found all issues in favor of plaintiff, ordered the partnership dissolved, ordered an accounting and appointed a receiver to take over the business.

Defendant has set out six assignments of error but we deem the following sufficient to cover all assignments entitled to our consideration:

1. The evidence is insufficient to support the findings.

2. The court erred in not decreeing that the partnership terminated April 30, 1955.

3. The court erred in denying defendant's motion for a new trial.

The evidence was conflicting. All witnesses were members of the Ferrin family. The trial court saw and heard the witnesses and was in a position to accept testimony which seemed most trustworthy. We have examined the testimony and are of the opinion that there was sufficient evidence to support the court's findings.

Of course defendant's second contention cannot prevail. The court could

not find that the partnership terminated April 30, 1955, by reason of the provisions of Sec. 48-1-27, U.C.A.1953.

Nor do we find wherein the court erred in not granting a new trial. Unless errors of law occurred during the trial or unless the evidence was against the findings and decree, defendant is not entitled to a new trial. From what we have already said we find that the motion for new trial was properly denied.

In O'Gara v. Findlay we said:[1]

"* * * we will not overturn its decision unless it is manifest that the trial court has misapplied proven facts or made findings clearly against the weight of the evidence."

Defendant also complained of the appointment, as attorney for the receiver, of one who was attorney for intervenors in the action. While we might feel disposed to avoid appointing as attorney for the receiver one who represented intervening parties, we are not able to see where any harm or prejudice has or will come to defendant therefrom.

Judgment affirmed. Costs to respondent.

McDONOUGH, C. J., and CROCKETT, WADE, and HENRIOD, JJ., concur.

[1] 6 Utah 2d 102, 306 P.2d 1073, 1074. See also Nokes v. Continental Min. & Milling Co., 6 Utah 2d 177, 308 P.2d 954.