336 P.2d 122

**Lowell E. PARRISH, and Emily Parrish, his wife, and Vadal Peterson, and Melva Peterson, his wife, Plaintiffs and Appellants,**

**v.**

**Harlow G. RICHARDS and Mrs. Harlow G. Richards, his wife, Defendants and Respondents.**

**No. 8690.**

Supreme Court of Utah.

March 5, 1959.

420

Bryce E. Roe, Clyde & Mecham, Salt Lake City, for appellants.

Thomas & Armstrong, E. M. Garrett, Salt Lake City, for respondents.

McDONOUGH, Justice.

This was an action to enjoin maintenance of a tennis court and fence allegedly built in violation of a real property restrictive covenant and a Salt Lake City ordinance. From a judgment of dismissal, no cause of action, plaintiffs appeal.

The parties are contiguous owners of real property located within Northcrest Subdivision, an exclusive residential area located in the avenues of Salt Lake City. Defendants' residence is located between those of plaintiffs, Parrish and Peterson. Prior to the acquisition by any of the parties of any of the tracts of lands here involved, there had been placed upon and against such lands contained within the Northcrest Subdivision certain restrictive covenants, recorded in the office of the County Recorder of Salt Lake County, Utah. The covenant here involved reads as follows:

"Use of Land: Each lot is hereby designated as a residential lot, and none of the said lots shall be improved, used or occupied for other than private single family residence purposes, and no flat or apartment house * * * shall be erected thereon, and no structure shall be erected * * * other than a one, two, or three car garage, and one single family dwelling, not to exceed one story in height, * * *"

The Salt Lake City Revised Ordinances of 1955 contain the following provision regulating the height of fences:

"No fence or wall * * * or other similar structure [shall] be erected in any side or rear yard to a height in excess of six (6) feet. Where there is a difference in the grade of the properties * * * the height of the fence or wall shall be measured from the average grade of the adjoining properties." Section 51-4-4.

All of said lands lie upon and along a steep, rugged hillside area which slopes steeply from north to south across the width of said lots. Retaining walls, terracing, planting and similar methods were used

by all of the owners in the area, extensively and successfully, to hold the earth in place and prevent its washing and sloughing away. The parties involved herein each terraced their respective properties into two levels or terraces at the rear of each respective residence, with an upper level on the north and a lower level some four or five feet below on the south. Plaintiffs Peterson, to prevent erosion and washing away, constructed a retaining wall from east to west along the boundary between their property and defendants' property.

Prior to August 1, 1955, defendants constructed a concrete retaining wall along the south side of their property approximately 2½ feet north of said Peterson retaining wall, and extending along the entire boundary line from the front to the rear of defendants' property. Defendants also leveled their land on the south side and laid down a concrete apron in the southwest corner measuring 78 feet by 36 feet for a tennis court. Around and upon such concrete defendants placed a six foot wire fence. Defendants testified that they do not intend to put up any overhead lights or floodlights whatsoever over the tennis court.

Plaintiffs brought suit alleging that the described construction of the tennis court is a "structure" erected and placed upon the property in violation of the above mentioned restrictive covenant, and that there has been no permit issued under the city ordinance or otherwise, permitting the building of a fence more than six feet high. Plaintiffs also alleged the construction interfered with their view; that there had been no waiver of the covenant on their part; that the value of their property had diminished as a result of the construction and prayed for an injunction permanently enjoining the defendants from proceeding with the construction.

■ The trial court followed the correct doctrine that in the construction of uncertain or ambiguous restrictions the courts will resolve all doubts in favor of the free and unrestricted use of property, and that it will "have recourse to every aid, rule, or canon of construction to ascertain the intention of the parties." [1] In applying that doctrine to the situation the court concluded that the fence surrounding said tennis court does not violate either the covenant or the city ordinance hereinabove quoted.

■ The same methods used for construing statutes can be applied to restrictive covenants. American Jurisprudence states the rule of ejusdem generis as applied to covenants as follows:

"In those instances where a particular enumeration is followed by general terms, the latter will be understood as

1. Reese Howell Co. v. Brown, 1916, 48 Utah 142, 158 P. 684, 687.

limited in their scope to matters and things of the same general kind or character as those specified in the particular enumeration, unless there is something to show a contrary intent." [2]

The covenant in question uses the general word "structure" and then enumerates garages and dwellings. This is the class of structure that is being talked about. That is, it is plainly designed to provide against the building of structures of that kind such as sheds, barns, stores. The construction given is in accordance with the language of the covenant. Garages and other similar buildings which are of solid construction are of a different character entirely. Structures of that kind, which are solid, obstruct the view for the neighborhood and crowd the area with buildings, affect the utility and beauty of it. It seems quite plain that the covenant was intended to prevent the blocking of the view and the crowding of the buildings which would reduce the beauty and utility and therefore depreciate the value of the property within the subdivision. But the objections which validly may be made against solid constructions do not exist in regard to a flat concrete slab for a tennis court. Nor does the wire fence around it obstruct the view. Based upon the foregoing, it is our opinion that the trial court was correct in its conclusion that the tennis court and fence are not the type of structure prohibited by the covenant.

■ ■ Plaintiffs' second contention is that defendants' chain link fence is prohibited by the Salt Lake City ordinance, supra, since this six foot side fence around the tennis court is mounted on a retaining wall four feet above plaintiffs Petersons' lawn, making a total height of approximately 10 feet. The terrain as pointed out earlier lies along and upon a steep, rugged hillside area which slopes steeply across the lots. Retaining walls, terracing and similar methods are required to prevent washing and sloughing away of the soil. The ordinance allows a fence six feet above the average grade, and "Where there is a difference in the grade of the properties on either side of the fence or wall, the height of the fence or wall shall be measured from the average grade of the adjoining properties." The ordinance does not define "average grade." Nature used no spirit level in providing the terrain, and the lands here involved do not lie upon a uniform unvarying plane. They are steep in slopes, with dips, weaves and meanders of the surface. Each individual property owner was left to establish the condition he desired. The work done by the parties has resulted in beautification of the area, but at the same time changed the original grade of the land. The evidence adduced at trial

**2.** 14 Am.Jur. Covenants, Conditions and Restrictions, Sec. 213, p. 622.

as to the "average grade" of the particular properties was conflicting as to whether the fence was more than six feet higher than the "average grade." The trial court not only had the usual advantages of seeing the witnesses, but also viewed the property in question. Its determination that "defendants' fence does not violate the Zoning Ordinance * * *" is amply supported by the record. As we stated in O'Gara v. Findlay:[3]

> "* * * we will not overturn its decision unless it is manifest that the trial court has misapplied proven facts or made findings clearly against the weight of the evidence."

Affirmed. Costs to defendants.

CROCKETT, C. J., and WADE, J., concur.

WORTHEN, J., concurs in the result.

HENRIOD, Justice (concurring in result).

I concur in the result but not in the reasoning or application of the rule of ejusdem generis to the covenant, ordinance or facts of this case. I think that before we indulge the rule we must first determine whether the fence involved is a "structure" within the four corners of the covenant. It seems to me that to apply the rule in this case without first determining whether the fence is a "structure" is to say that the fence is in the same category as "a one, two, or three car garage, and one single family dwelling, not to exceed one story in height, * * *"

3. 1957, 6 Utah 2d 102, 306 P.2d 1073, 1074.