McCLAIN v. CITY OF HAZEL PARK.

MUNICIPAL CORPORATIONS—ZONING—RESIDENCE STRIP BEHIND COMMERCIAL PROPERTY—SETBACK LINE.
 Zoning ordinance amendment whereby plaintiffs' property, extending from a busy street to a strictly residential street in the rear, was rezoned as commercial except for 30' next to the residential street, effecting a commonplace setback line for residential streets *held*, constitutional as well within the discretionary authority of the municipality.

Appeal from Oakland; Doty (Frank L.), J.  Submitted April 7, 1959.  (Calendar No. 47,567.)  Decided October 13, 1959.

REFERENCES FOR POINTS IN HEADNOTES
58 Am Jur, Zoning § 51.
Power to establish building line along street.  53 ALR 1222.

Mandamus by Merl P. McClain and Elsie R. McClain against the City of Hazel Park, a municipal corporation, and its servants, agents and employees, to compel issuance of building permit. Writ denied. Plaintiffs appeal. Affirmed.

*Kasoff & Young* (*Gilbert M. Frimet,* of counsel), for plaintiffs.

*Jack Moskowitz,* for defendants.

Edwards, J. This is another appeal directed to this Court on the mistaken assumption that we sit as a final zoning board.

Appellants sought a writ of mandamus against the city of Hazel Park directing it to issue a building permit for a portion of their property as to which commercial building was prohibited by the zoning ordinance. The trial judge found the ordinance as it was applied reasonable and denied the writ. This appeal followed.

Appellants, Mr. and Mrs. McClain, purchased some lots fronting on the busy thoroughfare of Eight Mile road and extending 117 feet to the rear to a residential street called Muir street. When the lots were purchased, they were zoned residential. Appellants promptly sought a change and the common council of Hazel Park granted a zoning amendment which rezoned the McClains' property to a commercial classification. The amendment reads as follows:

"That the area between John R and West End streets and between Eight Mile (Baseline) road and West Muir street, be rezoned from residence district 'B' and 'C' to business 'D', with the provision that 30 feet next to Muir street be reserved and required to be beautified and landscaped."

Appellants erected a building for a plumbing supply business upon their property in accordance with this amendment.

In 1956, however, they sought a building permit to extend their building onto the 30 feet next to Muir street which was reserved by the ordinance above. On the city's refusal of the permit, this litigation followed.

At trial appellants contended that the reservation was unreasonable in a constitutional sense in that its sole purpose was aesthetic.

Testimony showed that Muir street on the opposite side of the street is entirely residential. It also showed that 10 residences exist on the same side of Muir street where appellants' lots are located.

Basing his opinion on expert testimony to the effect that the reservation was important to the residential community for light and air and traffic safety over and above aesthetic considerations, the circuit judge denied the writ.

We believe he should have.

The city council had the task of reconciling the interests of property owners on a busy business street with the interests of a residential district immediately to the rear. Their task was made more awkward by a highway widening which truncated the block concerned. The ordinance went to some lengths to allow appellants to make commercial use of most of their property, while maintaining some protection for abutting homes. What the reservation accomplished is merely a setback commonplace to residential streets and long since held constitutional when provided by ordinance. *Gorieb* v. *Fox*, 274 US 603 (47 S Ct 675, 71 L ed 1228, 53 ALR 1210).

See, also, CL 1948, § 125.582 (Stat Ann 1958 Rev § 5.2932); *Faucher* v. *Grosse Ile Township Building Inspector*, 321 Mich 193.

This ordinance is well within the discretionary authority of the municipality. *Brae Burn, Inc.,* v. *City of Bloomfield Hills,* 350 Mich 425.

Nothing presented here approaches proof of unreasonableness in the constitutional sense. Absent such proofs, the determination of the legislative body is final. *Northwood Properties Co.* v. *Royal Oak City Inspector,* 325 Mich 419.

Affirmed. Costs to appellees.

Dethmers, C. J., and Carr, Kelly, Smith, Black, Voelker, and Kavanagh, JJ., concurred.