■ BERNICE CRANE, Respondent-Appellant, v CYNTHIA BITTERMAN et al., Appellants-Respondents, et al., Respondents.—In an action, *inter alia,* to (1) declare that a building permit and certificate of occupancy were illegally issued and (2) enjoin the use and maintenance of a tennis court, (1) defendants Bitterman appeal from so much of a judgment of the Supreme Court, Nassau County, dated May 18, 1976, as, *inter alia,* directed them to remove the construction surrounding three sides of the tennis court and (2) plaintiff cross-appeals from so much of the said judgment as declared that the construction of the playing surface of the tennis court required no building permit or certificate of occupancy. Appeal by defendants Bitterman dismissed as academic, without costs or disbursements, in view of the variance granted by the board of zoning appeals on September 15, 1976. Judgment otherwise affirmed insofar as appealed from, without costs or disbursements. The stay of enforcement of a portion of the said judgment contained in the order of this court, dated June 10, 1976, is hereby vacated. Plaintiff and defendants Bitterman are noncontiguous neighbors in a district zoned Residence A. Plaintiff contends that the tennis court constructed by defendants Bitterman in 1969 is not a lawful accessory use and that the building permit which issued for construction of the tennis court and for a trellis or back-stop on three sides of the court was unlawful. Plaintiff further contends that even if the tennis court is deemed a lawful accessory use, it must, in any event, comply with building area limitations contained in the ordinance. The ordinance provides that an accessory use "includes every use customarily incident to the principal building or use, and includes all of the uses specified as accessory in this ordinance" (Building Zone

Ordinance of the Vil. of Great Neck Estates, § 20.01, subd [20]). We interpret the phrase "every use customarily incident" to embrace a clay tennis court. The ordinance also provides that: "No principal building or use, together with its accessory buildings or uses, shall occupy in the aggregate more than 25% of the area of the lot. The total area occupied by accessory buildings or uses shall not exceed 7% of the area of the lot" (§ 40.01, subd [4]). Plaintiff argues that the words "building or use" embrace the clay tennis court,. irrespective of whether the court (excluding the trellis) is determined to be a structure. Precisely what the ordinance intends by a "use" that occupies area other than one that involves a structure is not without difficulty. A clay tennis court is, however, markedly akin to "open, unoccupied space", as the ordinance defines a yard (op. cit., § 20.01, subd [7]). We conclude, therefore that a clay tennis court is "unoccupied space", as defined by the instant ordinance, rather than a use that occupies area. Hopkins, Acting P. J., Cohalan, Shapiro and Suozzi, JJ., concur.