Patton LEAVER and Marge Leaver,
Plaintiffs and Appellants,

v.

Ruth GROSE, Defendant and Respondent.

No. 14722.

Supreme Court of Utah.

April 11, 1977.

Robert M. Felton, Salt Lake City, for plaintiffs and appellants.

Gary A. Weston, Salt Lake City, for defendant and respondent.

HALL, Justice:

Plaintiffs appeal from a summary judgment entered by the district court holding that certain restrictive covenants were no longer enforceable, they having expired by their own terms.

Plaintiffs initiated the action to enjoin defendant from altering a single-family residence as a duplex dwelling relying upon "Building Restrictions" filed in the office of the Salt Lake County Recorder on May 12, 1947, which limited properties in Loganview Subdivision to single-family residences. Defendant commenced alterations on her property for the purpose of utilization as a duplex dwelling on June 30, 1975.

The building restrictions in question were enforceable for a period of twenty-five years from the date of their recordation and, thereafter, were automatically extended for successive periods of ten years unless a vote of a majority of the owners of properties therein altered the restrictions. No such vote was ever taken.

The enforcement provisions also contained therein authorized persons owning

properties and aggrieved by any violation within the said twenty-five year period to prosecute appropriate actions in law or in equity, but made no provision for any such legal action after the expiration of such time.

The pertinent provisions of the "Building Restrictions" are:

#### (i)

Each and every lot above described shall be known and is hereby designated as a "Residential Lot" and no structure shall be erected, altered, placed or permitted to remain on any such "Residential Lot" other than one detached single-family dwelling not to exceed two stories in height and a private garage for no more than (3) automobiles.

#### (xiii)

All covenants and restrictions herein stated and set forth shall run with the land and shall be binding on all the parties and persons claiming any interest in said residential lots hereinbefore described or any part thereof until twenty-five (25) years from the date hereof, at which time the said covenants and restrictions shall be automatically extended for successive periods of ten (10) years unless, by a vote of a majority of the then owners of said residential lots, it is agreed to change the said covenants in whole or in part.

#### (xiv)

If the parties now claiming any interest in said residential lots hereinbefore described, or any of them, or their heirs, successors, grantees, personal representatives or assigns, *shall violate or attempt to violate any of the covenants and restrictions herein contained prior to twenty-five (25) years from the date hereof*, it shall be lawful for any other person or persons owning any other residential lot or lots in said area to prosecute any proceedings at law or in equity against the person or persons, firms or corporations so violating or attempting to violate any such covenant or covenants and/or restrictions or restriction, and either prevent him or them from so doing or to recover damages or other dues for such violation or violations. [Emphasis added.]

The question before the court below was whether or not the restrictive covenants expired on May 27, 1972, or were extended by the terms thereof until May 27, 1982. Apparently relying on paragraph (xiv), supra, the court determined that the covenants were not enforceable after the expiration of twenty-five years and dismissed the complaint as a matter of law.

■ Plaintiffs assert the trial court erred first in not resolving as a matter of law that the restrictive covenants were clear and not ambiguous and that he was entitled to summary judgment and second, even if there was some ambiguity that then a question of the intention of the parties arose which required the taking of evidence. With this latter position we agree.

The ambiguity arises because of the language contained in paragraph (xiv) of the restrictive covenants. There is a specific provision for enforcement for any violation during the twenty-five (25) year period, but no provision for a violation occurring during any automatic ten (10) year period thereafter. It is simply silent on the subject. Consequently, a question of fact arises as to the intention of the parties, i.e., did the framers of the covenants actually intend to provide for prosecution of violations after the expiration of the twenty-five (25) years and merely left out of paragraph (xiv) words such as: . . . twenty-five (25) years from the date hereof or *any automatic extension as provided in paragraph (xiii) hereof.*

It is interesting to note that just such terminology was adopted in paragraph (xv) of the covenants which reads as follows:

Invalidation of any one of the covenants and restrictions hereinbefore set forth by judgment or court order shall in no wise affect any of the other provisions hereof which shall remain in full force and effect until twenty-five years from date hereof *subject to automatic exten-*

*sions as provided in paragraph (xiii) hereof.* [Emphasis added.]

In *Reese Howell Co. v. Brown et al.*,[1] cited with approval in *Parrish v. Richards*,[2] this court addressed itself to the question of ambiguous terminology in documents and stated:

> We have, however, held, and are firmly committed to the doctrine, that we will have recourse to every aid, rule, or canon of construction to ascertain the intention of the parties . . . it should be the aim of the courts, as, no doubt, it is their duty, to ascertain and declare the intention of the parties, since that, and nothing else, constitutes their contract, and it is the duty of the courts to enforce, not to make, contracts.

A restrictive covenant cannot be set aside in the absence of clear and convincing evidence.[3] And where covenants are duly executed and recorded the law gives an interested party the right to enforce their terms. Therefore, paragraph xiv appears to be mere surplusage and not a necessary part of the restrictive covenants. In fact, it would appear to be a nullity since it could not prevent a suit from being filed by an aggrieved person to enforce a valid covenant.[4] Such is a constitutional right afforded by Art. I, Sec. 11 which reads in part as follows:

> All courts shall be open, and every person, for an injury done to him in his person, . . . shall have remedy by due course of law, . . . and no person shall be barred from prosecuting or defending before any tribunal [of] this State, by himself or counsel, any civil cause to which he is a party.

Reversed and remanded for trial. Costs to plaintiff.

ELLETT, C. J., and CROCKETT, MAUGHAN and WILKINS, JJ., concur.

1. 48 Utah 142, 158 P. 684 (1916).

2. 8 Utah 2d 419, 336 P.2d 122 (1959).

3. *Metropolitan Investment Co. v. Sine*, 14 Utah 2d 36, 376 P.2d 940 (1962).

4. *Barnhart v. Civil Service Employees Ins. Co.*, 16 Utah 2d 223, 398 P.2d 873 (1965).